**Aba Meitta COLEMAN,**
**Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION, et al.,**
**Defendants–Appellees.**

**Docket No. 02–7193.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2002.

Aba Meitta Coleman, pro se, New York, NY, for Appellant.

Dona B. Morris, Assistant Corporation Counsel (Michael A. Cardozo, on the brief), New York, NY, for Appellee.

Present LEVAL, SOTOMAYOR, Circuit Judges and KOELTL, District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED and the pending motion is DENIED as moot.

Plaintiff-appellant Aba Meitta Coleman ("Coleman"), *pro se,* appeals from a decision of the United States District Court for the Southern District of New York (Daniels, J.) granting summary judgment to defendants-appellees the New York City Board of Education (the "Board"), the City of New York, District # 7, and the United Federation of Teachers ("UFT"). In her complaint, Coleman alleged that the defendants-appellees violated 42 U.S.C. § 2000e by failing to promote her based on her gender, national origin, color, and race. Prior to granting summary judgment, the district court dismissed the complaint as against the UFT because the union had not been named as a defendant in Coleman's charge before the Equal Employment Opportunity Commission ("EEOC"). On appeal, Coleman argues that she established a *prima facie* case of discrimination, and that the Board wrongfully denied her a nomination letter that she needed in order to obtain a qualifying license for the position she sought. Moreover, she argues that the UFT should not have been dismissed as a defendant, and moves for an order directing the defendants-appellees to produce the personnel records of various Board employees.

Our *de novo* review reveals that the district court properly granted summary

judgment in favor of the defendants-appellees. As an initial matter, Coleman was procedurally barred from raising her gender discrimination claim in federal court because she failed to raise it administratively before the EEOC. *See Butts v. City of New York Dep't of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir.1993). Moreover, a *de novo* review on the merits indicates that no reasonable juror could have found, based on all the proffered evidence, that she was denied teaching positions that she sought because of national origin, color, race, or gender-based discrimination. *See Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202 (2d Cir. 1995).

On appeal, Coleman concedes that she lacked the qualifying license, but argues that the Board wrongfully denied her a nomination letter which would have enabled her to obtain the license. Because Coleman failed to raise this claim in her EEOC charge, she cannot raise it in federal court. *See Butts,* 990 F.2d at 1401. Indeed, because this claim was not raised before either the EEOC or the district court, there is nothing in the record to support Coleman's contention that she was wrongfully denied a nomination letter and/or qualifying license.

Finally, Coleman cannot challenge the district court's dismissal of the UFT as a defendant because she did not name the UFT in her EEOC charge. *See Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991).

Accordingly, Coleman's motion for employment records should be denied. Beyond the fact that some of these records have already been produced, and that Coleman's previous attorneys affirmed that discovery had been completed over four years ago, it is unclear how these records could help Coleman in light of her concession regarding her lack of the requisite license.

We have considered Coleman's remaining arguments, and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED, and Coleman's pending motion is DENIED as moot.